# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN FLAMER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-927-RGA |
| HOWARD R. YOUNG CORRECTIONAL INSTITUTION, et al., | : |
| Defendants. | : |

John Flamer, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

November 20, 2014
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff John Flamer, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). Flamer has filed a motion for injunctive relief and also seeks a Court appointed mediator. (D.I. 8, 13). The Court proceeds to review and screen the Complaint (D.I. 1, 14) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a) and will address the pending motions.

Plaintiff alleges that he suffers from dizziness, lightheadedness, and blood pressure issues due to a pituitary macroadenoma tumor in his head which restricts blood flow. The condition also causes his legs to give out, and he has lost strength and muscle mass in his arms and legs. Plaintiff alleges that the medical department and an unnamed physician refuse to address the condition.

Plaintiff also alleges that he has been sexually assaulted and forced to perform sexual favors. Plaintiff alleges that, when he brought the matter to the facility's attention, it refused to act or provide therapy. Plaintiff further alleges that he suffers from manic depression and the facility refuses to give him mental health medications. Plaintiff informed a judge of the problems who asked the Delaware Public Defender's Office to look into the matter. Plaintiff alleges that the office refused or ignored the matter.

Plaintiff seeks compensatory and punitive damages and a transfer to a different facility.

### Screening of the Complaint

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

2

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011). Hence, as an agency of the State of Delaware, the HRYCI, including its medical department, is entitled to immunity under the Eleventh Amendment. In addition, the claims against the HRYCI and its medical department are barred by *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). The claims are legally frivolous and the foregoing Defendants are immune from suit. Therefore, the Court will dismiss the HRYCI and its medical department as defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). With regard to the public defenders, they do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). Hence, Plaintiff's claims against the public defenders fail as a matter of law, and they will be dismissed as Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

It appears that Plaintiff has named the HRYCI Warden as a defendant based upon his supervisory position. The Warden is named variously as Warden John Doe, Warden Steven Wesley, and Warden Stevens. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Iqbal*,

556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities. *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* In the present case, there are no allegations directed towards the Warden. Therefore, the Court will dismiss the claims against the Warden as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, the Complaint is deficiently pled. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). In addition, "a[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, there are no allegations in the Complaint directed towards Health Care Administrator CMS (also named as Mr. Dennis Russel), Mental Health Mr. Eric, Mental Health Mrs. Johnson, Mental Health Mrs. Wilson, Doctor Mrs. Carla, Mrs.

5

Madigan, or Dr. Scharff. Accordingly, the Court will dismiss the foregoing Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1).

It appears plausible that Plaintiff may be able to articulate a claim against the defendants or name alternative defendants. Therefore, Plaintiff will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007).

**Motion for Injunctive Relief and Motion for Court Appointed Mediator**

Plaintiff alleges that Defendants are retaliating against him for filing this action by not providing needed medical care and refusing to allow him to visit the law library. He also contends that he is forced to sleep on the floor and that Defendants are tampering with his legal mail. Plaintiff seeks protection from the abuse, a transfer to a different facility, and requests counsel. (D.I. 8). Defendants responded to the motion noting that Plaintiff filed similar motions for injunctive relief in Flamer v. Howard R. Young Correct. Inst., Civ. Act. No. 14-797-RGA. Those motions were denied on September 11, 2014. (Id. at D.I. 16, 17).

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. See NutriSweet Co. v. Vit-Mar Enterprises., Inc., 112 F.3d 689, 693 (3d Cir. 1997). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." NutraSweet, 176 F.3d at 153.

Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008).

Plaintiff seeks similar relief as that requested in *Flamer v. Howard R. Young Correct. Inst.*, Civ. Act. No. 14-797. Therein, the Court determined that Plaintiff did not demonstrate the likelihood of success on the merits. The same holds true for the instant motion. As previously determined, Plaintiff's medical conditions are being monitored and the alleged sexual misconduct complained of did not happen in 2014.

Plaintiff also claims that he is not allowed to visit the law library, there is tampering of his legal mail, and his legal documents are missing. He also complains of conditions in his cell. Plaintiff provides no other information on these issues other than his general statements. The Court finds that Plaintiff has failed to demonstrate the likelihood of success on the merits of these issues. Nor has he produced evidence of irreparable harm.

For relief, Plaintiff seeks a transfer to a different prison. Plaintiff is not entitled to the relief he seeks. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983).

Finally, Plaintiff seeks counsel in the motion for injunctive relief and in a filing titled "motion requesting a court appointed mediator". (*See* D.I. 8, 13). The Court finds

7

the motions premature in light of the fact that the Complaint will be dismissed as frivolous.

For the above reasons, the Court will deny the motion for injunctive relief and will deny the requests for counsel without prejudice to renew. (D.I. 8, 13). Plaintiff is placed on notice that motions for injunctive relief that raise the same issues will be docketed but not considered. In addition, Plaintiff is placed on notice that he shall file separate motions when seeking relief (e.g., a separate request for counsel and a separate motion for injunctive relief).

**Conclusion**

For the above reasons, the Complaint will be dismissed as frivolous, for failure to state a claim, and based upon Defendants' immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2). Plaintiff will be given leave to file an amended complaint. Plaintiff's motion for injunctive relief will be denied and the requests for counsel will be denied without prejudice to renew. (D.I. 8, 13).

An appropriate order will be entered.