# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JOHN FLAMER, :
:
    Plaintiff, :
:
    v. : Civ. No. 14-927-RGA
:
HOWARD R. YOUNG CORRECTIONAL :
INSTITUTION, et al., :
:
    Defendants. :
:

John Flamer, George W. Hill Correctional Facility, Thornton, Pennsylvania, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

April 13, 2015
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff John Flamer, a former inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The original Complaint was screened and dismissed, and Plaintiff was given leave to amend. The Court proceeds to review and screen the Amended Complaint (D.I. 22) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

Plaintiff arrived at the HYRCI in April 2014. He alleges that he suffers from dizziness, lightheadedness, blood pressure issues due to a pituitary macroadenoma tumor in his head which restricts blood flow, and vision problems. Plaintiff alleges that he was denied hormone medications for his medical conditions by Defendants nurse practitioners Carla Cooper and Jon for a two month period. Plaintiff was placed in the mental health unit, and alleges that Defendants Johnson, Wilson, and Eric saw him in the unit, but refused to address his worsening mental health state and refused to place him on medication that his physician at the Rockford Center ordered him to take.[2] Plaintiff alleges that he was given a medication that was contraindicated and that caused physical side effects. Plaintiff alerted Johnson, Eric, and Wilson to the problem, but they continued him on the medication. Plaintiff alleges that Dr. Scharff[3] refused to address his injuries. Plaintiff was ultimately placed on medication and his physical condition stabilized. He alleges that nurses Victors, Kate, and Ellisa continued to

---

[1] Plaintiff was transferred to the George W. Hill Correctional Facility in Thornton, Pennsylvania in February 2015.

[2] Plaintiff states that he was "already on medication for [his] depression."

[3] Dr. Scharr and nurse practitioner Mr. Scharff appear to be the same person.

refuse to administer the medication as prescribed by the Rockford Center. Finally, Plaintiff takes issues with the treatment of his grievances by C/O Burley.

On May 9, 2014, Plaintiff sought help with his medical issues from Defendants public defender T. Andrew Rosen and the Public Defender's Office, as well as from the court, to no avail. Rosen had a conflict and Defendant Christopher Koyste (misspelled on the court docket as "Koyle") was appointed to represent Plaintiff. Plaintiff takes exception to his representation by Rosen and Koyste.

Plaintiff seeks compensatory and punitive damages.

## Screening of the Complaint

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true,

3

to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The original complaint named several defendants not named in the amended complaint. Because there are no allegations directed against them, the Court will dismiss the following Defendants: Howard R. Young Correctional Institution, John Doe, Howard R. Young Correctional Institution Medical Department, Chief Public Defender, Health Care Administrator CMS, Doctor Mrs. Carla, Mrs. Madigan, Mr. Dennis Russel, Warden Steven Wesley, and Warden Stevens.

To the extent that Plaintiff raises claims against Burley based upon his dissatisfaction with the grievance procedure or denial of his grievances, the claim fails because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate.

4

Therefore, the Court will dismiss the claims against Burley as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

The court will dismiss the claims against Rosen, Koyste, and the Delaware Public Defender's Office. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). With regard to the public defenders, they do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312 (1981). Similarly, Koyste, as court appointed counsel, does not act under color of law.

As to the Delaware Office of the Public Defender, it is immune from suit. The Office of the Public Defender is an agency of the State of Delaware, created by the General Assembly to represent indigent defendants in criminal cases. 9 Del. C. § 4602. Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Woods v. First Corr. Med. Inc.,* 446 F. App'x 400, 403 (3d Cir. 2011). Hence, as an agency of the State of Delaware, the Office of the Public Defender is entitled to immunity under the Eleventh Amendment. Plaintiff's claims against Rosen, Koyste, and the Office of the Public Defender fail as a matter of law, and they will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).

Finally, with regard to Dr. Scharff/nurse practitioner Scharff, Kate, Ellisa, and Victors, the Amended Complaint is deficiently pled. The allegations are conclusory and do not meet the pleading requirements of *Iqbal* and *Twombly.* In addition, as pled, the allegations directed towards these Defendants fail to rise to the level of a constitutional

5

violation and are frivolous. Accordingly, the Court will dismiss the foregoing Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff will be allowed to proceed against Defendants Eric, Johnson, Wilson, Cooper and Jon.

## Conclusion

For the above reasons, Plaintiff will be allowed to proceed with medical needs claims against Defendants Eric, Johnson, Wilson, Cooper and Jon. The remaining Defendants and remaining claims will be dismissed as frivolous and based upon immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

Appropriate orders will be entered.